# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE T. STRINGER,

  Plaintiff,

v.

R. CRUZ, et al.,

  Defendants.

Case No. 19-cv-02624-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 1, 2

Lawrence T. Stringer, then an inmate at the Correctional Training Facility in Soledad, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Proposition 57 added Article I, section 32 to the California Constitution. That section provides, in relevant part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. art. I, § 32(a)(1). To implement Proposition 57, the California Department of Corrections and Rehabilitation (CDCR) set up the nonviolent parole process (NVPO) to allow early parole consideration for certain nonviolent offenders. *See* Cal. Code Regs. tit. 15, § 3490 et seq.

Stringer alleges in his complaint that he was eligible for parole consideration (apparently under the NVPP) but the CDCR, the Board of Parole Hearings, a counselor, a records analyst, and an appeals coordinator "waited [too] long to review [his] file, which made [him] no longer eligible because of the time frame." Docket No. 1 at 3. He alleges that this violated his rights to due process and to equal protection of the law. He further alleges that documents attached "prove all" of his allegations are true. *Id.* He seeks monetary damages. *Id.*

The documents attached to the complaint show that a January 10, 2018 decision approving Stringer for release in the NVPP was later vacated because the decisionmaker had not adequately considered the violent nature of two rule violation reports Stringer received. At the next proceeding on January 30, 2018, Stringer was denied release in the NVPP; that decision was upheld on March 19, 2018. He filed unsuccessful petitions for writ of habeas corpus in the Sacramento County Superior Court and the California Court of Appeal. He also filed a petition for writ of habeas corpus in the California Supreme but does not state the outcome of that petition.

The CDCR's inmate locator website indicates that Stringer was not in CDCR custody as of September 11, 2019. He thus may have been paroled or be in a county jail for court proceedings.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The complaint fails to state a claim upon which relief may be granted. Stringer conclusorily alleges that he has been denied due process and equal protection, but does not allege any facts that plausibly show a denial of those rights. It is not adequate pleading for a plaintiff merely to identify the constitutional rights (i.e., the rights to due process and equal protection) at issue; rather, he must allege facts showing how each of those rights was violated. Also, it is unclear how the alleged delay in review of an inmate's file would cause him to become ineligible for parole. Leave to amend is granted so that Stringer may file an amended complaint that alleges sufficient facts to state a plausible claim for one or more violations of his constitutional rights.

To aid Stringer in the preparation of his amended complaint, the court now provides basic information about due process claims, equal protection claims, the unavailability of prison release as a remedy in a civil rights action, and some information about proper defendants.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest,

3

provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The mere failure to follow state law does not amount to a federal due process violation. A litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). The amended complaint must allege facts showing the deprivation of a federally protected liberty interest without adequate procedural protections.

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). The amended complaint must allege facts to suggest that defendants acted with a discriminatory purpose and that their actions had a discriminatory effect.

A civil rights action under 42 U.S.C. § 1983 is not the proper vehicle to challenge the duration of Stringer's confinement. If Stringer is still in custody and believes that he is entitled to immediate or speedier release from confinement, he needs to file a petition for writ of habeas corpus. A writ of habeas is the exclusive remedy for a prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Several of the defendants have Eleventh Amendment immunity: The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against an arm of the state, such as the CDCR and prisons within the CDCR.

4

*See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). The CDCR and the Board of Parole Hearings must be dismissed because they are arms of the State of California and have Eleventh Amendment immunity.

Claims may be asserted against individual defendants, but must allege facts showing the basis for liability for each defendant. In his amended complaint, Stringer should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (damages liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

The complaint is dismissed with leave to amend. Stringer must file an amended complaint no later than **October 25, 2019**, and must include the caption and civil case number used in this order as well as the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's *in forma pauperis* application is GRANTED. Docket No. 2. (The court does not issue a separate order putting plaintiff on a payment plan, *see* 28 U.S.C. § 1915(b), because it appears that plaintiff is no longer in custody.

**IT IS SO ORDERED**.

Dated: September 12, 2019

SUSAN ILLSTON
United States District Judge